## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

RICARDO GUTIERREZ                                     CIVIL ACTION

VERSUS                                                     No. 23-3865

FOREMOST INSURANCE COMPANY
GRAND RAPIDS, MICHIGAN                              SECTION I

## ORDER & REASONS

Before the Court is defendant Foremost Insurance Company Grand Rapids, Michigan's ("Foremost Insurance") motion[1] to dismiss this matter pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m). Plaintiff Ricardo Gutierrez ("Gutierrez") filed a motion[2] in opposition. And Foremost Insurance filed a reply.[3]

### I.      BACKGROUND

Gutierrez filed this lawsuit on August 20, 2023 alleging breach of an insurance contract regarding damage to property sustained during Hurricane Ida.[4] On May 17, 2024, Foremost Insurance filed this motion claiming that Gutierrez failed to serve it with process until February 6, 2024, long after the ninety-day time limit for service allowed pursuant to Federal Rule of Civil Procedure 4(m).[5] In a response, filed a day after the deadline, Gutierrez argues that there was good cause for the delay, requiring

---

[1] R. Doc. No. 22.
[2] R. Doc. No. 23.
[3] R. Doc. No. 24.
[4] R. Doc. No. 1, at ¶¶ 14, 26–30.
[5] R. Doc. No. 22, at 2.

this Court to extend the time for service pursuant to Rule 4(m).[6] Specifically, Gutierrez argues that he was previously represented by McClenny Moseley & Associates ("MMA"), which law firm was suspended due to misconduct, leaving him and many of their other former clients without representation.[7] The difficult measures that Gutierrez's new counsel had to undertake to "organize, sort, and pursue these claims," Gutierrez argues, constitute good cause for the delay.[8]

In its reply, Foremost Insurance argues that the Court should strike Gutierrez's motion in opposition because of his delay in filing his response a day late and consider the motion as unopposed.[9] Foremost Insurance also argues that the difficulties caused by MMA do not constitute good cause because the CMO already established an automatic extension of twenty days to serve defendants after enrolling new counsel.[10] Gutierrez enrolled new counsel on December 18, 2023,[11] which Foremost Insurance argues would require service by no later than January 8, 2024.[12] Foremost Insurance was served on February 6, 2024.[13]

## II.   LAW & ANALYSIS

### a.  Motion to Strike Gutierrez's Response

"Each party opposing a motion must file and serve a memorandum in

---

[6] R. Doc. No. 23, at 1–2.
[7] *Id.*
[8] *Id.* at 2.
[9] R. Doc. No. 24, at 1–3.
[10] *Id.* at 3–5.
[11] R. Doc. No. 9.
[12] R. Doc. No. 24, at 5.
[13] R. Doc. No. 12.

opposition to the motion with citations of authorities no later than eight days before the noticed submission date." L.R. 7.5.

Here, the noticed submission date for Foremost Insurance's motion was June 12, 2024. Gutierrez therefore had until June 4, 2024 to file a motion in opposition. However, Gutierrez did not file his motion until June 5, 2024.[14] In his motion, Gutierrez provides no reason for his failure to timely respond.[15] However, the Court declines to strike Gutierrez's motion and considers all arguments therein.

### b. Motion to Dismiss

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4(m).

The Fifth Circuit has interpreted this language to mean that "[i]f good cause is present, the district court must extend time for service. If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

Here, the Court, in its discretion, declines to dismiss Gutierrez's action. While the Court cannot condone the delay in serving Foremost Insurance in this case,

---

[14] R. Doc No. 23.
[15] *See generally id.*

3

Foremost Insurance does not allege that it has been prejudiced by the delay,[16] and it has been properly served since February.[17] Accordingly, rather than requiring Gutierrez to refile his claim, the Court will deny Foremost Insurance's motion to dismiss.

### III.   CONCLUSION

Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that Foremost Insurance's motion to dismiss is **DENIED**.

New Orleans, Louisiana, July 8, 2024.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[16] *See generally* R. Doc No. 24.
[17] R. Doc. No. 12.

4